UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1552 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. On January 29, 2014, the Court held a hearing on this matter and heard argument from counsel. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

Plaintiff was 52 years old at the time of the hearing. She was trained as a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

cashier/checker and worked in that capacity for 16 years until August 11, 2009. The ALJ found Plaintiff had the impairments of; osteoarthritis (OA) and obesity.

At the June 16, 2010, hearing, Plaintiff testified that she is 52 years old and lives with her son. Plaintiff testified about having her son perform certain tasks such as the laundry as it is difficult and painful to use the steps. She has had surgery to the left knee in 2008. She cannot sit or stand too long as this causes swelling and throbbing of the knee. She cannot work because of her hands and knees as they get numb and give out. She can only walk about one half block before needing to rest. Plaintiff testified she attained education through the twelfth grade. Plaintiff had been a grocery cashier/checker prior to August 11, 2009.

A vocational expert also testified. The VE testified that Plaintiff could perform work that is limited to light and semi-skilled work. She is able to perform her past relevant work as it is generally performed in the national economy. The VE testified there are cashier jobs in St. Louis that satisfy these requirements.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., and XVI of the Act, 42 U.S.C. § 1381, *et seq*., was denied on November 3, 2009 . On August 21, 2010, the ALJ issued an unfavorable decision. On July 18, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ

stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at

611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can

perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since August 11, 2009, the alleged onset date of disability. At Step Two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment

listed in 20 CFR Part 404, Subpart P, Appendix 1, (20CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926(d).

Prior to Step Four, the ALJ found that Plaintiff had residual functional capacity to perform light work except plaintiff should not climb stairs, ramps, ropes, ladders, and scaffolds. She may occasionally crouch, and crawl, never kneel, and should avoid concentrated exposure to extreme cold and excessive vibration.

At Step Four, the ALJ determined that Plaintiff is able to perform past relevant work as a cashier/checker and that it does not require performance of work related activities precluded by her residual functional capacity.

The ALJ was not required to perform any analysis under Step Five as he concluded Plaintiff is able to perform past relevant work.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom*

v. *Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the decision fails to properly evaluate the obesity as it is a severe impairment; (2) the RFC is conclusiory and does not contain any rationale or

reference to the supporting evidence as required by SSR 96-8p;

(3) the credibility determination was deficient.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff could perform light work and should not climb stairs, ramps, ropes, ladders, and scaffolds. Further claimant can occasionally crouch and crawl, never

kneel and should avoid concentrated exposure to cold, unprotected heights, and excessive vibration. She could lift 20 pounds occasionally and 10 pounds frequently, sit 6 hours in and 8 hour workday, and stand/walk 6 hours in an 8 hour workday (TR. p.12)

The ALJ determined Plaintiff's RFC based upon all of the relevant evidence, including medical records, observations of treating physicians, and her description of her limitations. As required by *McCoy v. Astrue*, 648 F.3d 605 (8th Cir. 2011); *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001); and *Anderson v. Shalala*, 51 F.3d. 777 (8th Cir. 1995), the ALJ articulated the basis for the weight given the evidence of the record and concluded Plaintiff had the RFC to perform a restricted range of light work (TR. p.12). In so finding, the ALJ considered the entire record including Plaintiff's complaints. He properly concluded there were inconsistencies in her allegations in relation to the record as whole.

Plaintiff relies heavily upon *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) in her assertion of deficiencies in the decision making process of the ALJ relating to credibility. The Eighth Circuit has never ruled that the ALJ must discuss every *Polaski* factor. The ALJ only needs to acknowledge and consider those factors before discounting subjective complaints. *Samons v. Apfel*, 497 F.3d 813 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

Here, the ALJ properly weighed, considered, and applied the standards.

As to the issue of obesity, Plaintiff asserts the ALJ failed to properly consider it in the discussion. To the contrary, the ALJ found it to be one of two severe impairments and discussed it fully. Likewise, the medical evidence shows that all of her physicians were aware of this condition but imposed no limitations greater than identified by the ALJ (TR. p.14).

Plaintiff urges the ALJ though did not properly evaluate her credibility. However, reviewing the submitted transcript reveals a different conclusion at (TR.p.11-14).

The ALJ decision that Plaintiff could perform her past relevant work is proper as based upon the record as a whole. The vocational expert testified that an individual with Plaintiff's limitations could perform her past relevant work as a cashier/checker. Where an individual can so perform, she is not disabled. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007) (citing *Jones v. Charter*, 86 F.3d 823, 825 (8th Cir. 1996).

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in her report, and the ALJ's specific credibility findings. The ALJ

applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE